IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BODYGUARD PRODUCTIONS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>JONATHAN COWLISHAW, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISMISS AND MOTION TO STRIKE**<br><br>Case No. 2:19-cv-00337-DN<br><br>District Judge David Nuffer |

Defendant Treasure Wanczyk has filed a motion to dismiss ("Motion to Dismiss")[1] Bodyguard Productions, Inc.'s ("Bodyguard") complaint for copyright infringement.[2] Wanczyck has also filed a motion to strike Bodyguard's Corrected Opposition to the Motion to Dismiss ("Motion to Strike").[3] Both motions are DENIED.

The Motion to Dismiss is based on two grounds. First, Wanczyck asserts that because Bodyguard has alleged that internet protocol ("IP") addresses can be used without the knowledge of the owner, Bodyguard has failed to state a claim against her personally for any movie that may have been downloaded on her IP address. Second, Wanczyck argues that statutory damages are limited to $30,000 per willful violation and that the alleged facts only support a single violation.

---

[1] Defendant's Motion to Dimiss [sic] Plaintiff's Complaint, docket no. 29, filed December 2, 2019; Defendant's Declaration in Support of Motion to Dimiss [sic] Plaintiff's Complaint, docket no. 29-1, filed December 2, 2019; Plaintiff's Opposition to Defendant Wanczyk's Motion to Dismiss, docket no. 30, filed December 24, 2019; Defendant's Reply to Plaintiff's Response to Motion to Dimiss [sic] Plaintiff's Complaint, docket no. 31, filed January 9, 2020; Plaintiff's Corrected Opposition to Defendant Wanczyck's Motion to Dismiss ("Corrected Opposition"), docket no. 32, filed January 14, 2020.

[2] Amended Complaint for Copyright Infringement and Jury Demand ("Amended Complaint"), docket no. 12, filed June 27, 2019.

[3] Defendant's Motion to Strike Plaintiff's Corrected Response, docket no. 33, filed January 24, 2020.

She concludes that Bodyguard's request for damages of $10,000 each against the 13 named defendants in this case is excessive.

Neither argument is persuasive. The first argument goes to the merits of the case: that is, whether Bodyguard can prove, as it has alleged,[4] either that Wanczyck personally downloaded Bodyguard's movie over her IP address, or knowingly permitted someone else to do so. The second argument misstates the copyright statute, which provides for potential damages of up to $150,000 for willful infringement.[5] The issue of any willfulness on the part of Wanczyck is again a matter of proof that cannot be decided at this stage of the proceedings.

THEREFORE, IT IS HEREBY ORDERED that the Motion to Dismiss[6] is DENIED and the Motion to Strike[7] is DENIED AS MOOT.

Signed February 14, 2020.

BY THE COURT:

David Nuffer
United States District Judge

---

[4] Amended Complaint, *supra* note 2, ¶ 13.

[5] 17 U.S.C.A. § 504(c)(2).

[6] Docket no. 29, filed December 2, 2019.

[7] Docket no. 33, filed January 24, 2020.